THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| ADEREMI ATANDA, | CASE NO. C20-0796-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| NORGREN (IMI PRECISION ENGINEERING), *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Aderemi Atanda's motion for default judgment (Dkt. No. 12) and Defendants Norgren (IMI Precision Engineering), Tami Westby, and Sam Thurnau's motion to dismiss (Dkt. No. 16). Having thoroughly considered the motions and relevant record, the Court DENIES both motions and ORDERS Plaintiff to properly serve Defendants within 45 days.

I.      BACKGROUND

On May 22, 2020, Plaintiff Aderemi Atanda, proceeding *pro se*, filed this suit against Norgren (IMI Precision Engineering) ("Norgren"), Tami Westby, Sam Thurnau, Tammy Lake, and Edna Bench. (Dkt. No. 5.) Mr. Atanda alleges Norgren failed to hire or promote him based on his race and his age, in violation of 42 U.S.C. § 2000e-2 and 29 U.S.C. § 623. (*Id*. at 3–4.)

On November 20, 2020, Mr. Atanda filed affidavits of service, in which he states that he

C20-0796-JCC
PAGE - 1

mailed copies of the summons and complaint to Defendants Westby, Thurnau, Lake, Bench, and an attorney for defendant Norgren on November 19, 2020. (Dkt. Nos. 8, 14.) On April 12, 2021, Mr. Atanda moved for default judgment. (Dkt. No. 12.) Two days later, Defendant Norgren opposed Plaintiff's motion, arguing that Plaintiff had not properly served Norgren. (Dkt. No. 13.) About a month later, Defendants Norgren, Westby, and Thurnau moved to dismiss the complaint based on insufficient service of process. (Dkt. No. 16.)

## II. DISCUSSION

### A. Mr. Atanda's Motion for Default Judgment

To secure a default judgment, a plaintiff must follow a two-step process. *Munger v. Soc. Sec. Admin.*, 2019 WL 2869187, slip op. at 1 (W.D. Wash. 2019). First, the plaintiff must obtain the clerk's entry of default, and second, the plaintiff must move for a default judgment. *Id.* To obtain either the entry of default or a default judgment, the plaintiff must show by affidavit that he has properly served the allegedly defaulting defendants with the summons and complaint. W.D. Wash. Local Civ. R. 55(a), (b)(1); *see also Joe Hand Promotions, Inc. v. Talayarathe*, 2012 WL 1815622, slip op. at 2 (N.D. Cal. 2012) ("Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default.") (quoting *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1269 n.12 (D. Kan. 2008)). Mr. Atanda is not entitled to a default judgment because he has failed to secure the entry of default against Defendants and has failed to demonstrate that he has served them properly.

Local Rule 55(b)(1) provides that the Court will grant a motion for default judgment only if "the court has previously granted a motion for default against that party pursuant to LCR 55(a) or unless default otherwise has been entered." W.D. Wash. Local Civ. R. 55(b)(1). Mr. Atanda is not entitled to a default judgment because he has failed to secure default against Defendants pursuant to LCR 55(a).

In addition, Mr. Atanda's affidavit does not show that he served Defendants properly. Mr. Atanda attempted to serve Norgren by personally mailing a copy of the summons and

complaint to an attorney who previously represented Norgren, (*see* Dkt. No. 10), and attempted to serve the individual defendants by mailing copies of the summons and complaint to Norgren, where Defendants Lake and Bench used to be employed, and where Defendants Westby and Thurnau are currently employed, (Dkt. Nos. 9, 14 at 6–9). Neither method of service was proper.

First, a person "who is at least 18 years old and not a party" must serve the summons and complaint, unless the Court orders a United States marshal, deputy marshal, or other specially appointed person to serve the defendant. Fed. R. Civ. P. 4(c)(2), (3). Mr. Atanda contends that mailing the documents satisfies Rule 4(c)(2) because the postal employee who delivered the mail is likely at least 18 years old and not a party to the case. (Dkt. No. 18 at 1). However, a U.S. Postal Service employee delivering mail in the normal course of business does not qualify. *Ojelade v. Coleman*, 258 F. App'x 257, 258 (11th Cir. 2007) (holding USPS not a proper substitute to deliver a copy of the summons and complaint to Defendant).

Next, neither method of service was proper. To properly serve a corporation, a plaintiff must "deliver[] a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service or process," Fed. R. Civ. P. 4(h)(1)(B), or "follow[] the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(h)(1)(A). *See also* Fed. R. Civ. P. 4(e)(1). When serving a corporation, Rule 4(h) "requires personal service on someone at the corporation, and service by mail to a general corporate address is not sufficient." *Belle v. Chase Home Fin. LLC*, 2007 WL 1518341, slip op. at 3 (S.D. Cal. 2007).

Mr. Atanda attempted to serve Norgren by personally mailing a copy of the summons and complaint to an attorney who previously represented Norgren. (*See* Dkt. No. 10.) But there is no evidence in the record that Norgren authorized its former attorney to accept service on its behalf in this matter and, even if it had, for the reasons stated above, Mr. Atanda personally mailing the summons and complaint to the attorney is not proper service. Therefore, the Court DENIES Mr.

ORDER
C20-0796-JCC
PAGE - 3

Atanda's motion for default judgment against Norgren.

Mr. Atanda's purported service on the individual defendants was also improper. To properly serve an individual, a plaintiff must "deliver[] a copy of the summons and of the complaint to the individual personally; leave[] a copy of each at the individual's dwelling or usual place of abode with someone of suitable agent and discretion who resides there; or deliver[] a copy of each to an agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(e)(2), or "follow[] the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1). Washington state law allows service by mail when personal service is not possible, but to serve a defendant by mail, a plaintiff must obtain prior authorization from the Court by demonstrating diligent efforts to serve the defendant personally. Wash. Sup. Ct. Civ. R. 4(d)(4); *see also Rodriguez v. James-Jackson*, 111 P.3d 271, 274 (Wash. Ct. App. 2005) ("Service by publication or mail is in derogation of the common law and cannot be used when personal service is possible. Strict compliance with the statute authorizing service by publication is required.").

Mr. Atanda attempted to serve the individual defendants by mailing copies of the summons and complaint to Norgren, where Defendants Lake and Bench used to be employed, and where Defendants Westby and Thurnau are currently employed. (Dkt. Nos. 9, 14 at 6–9). This was not proper service. First, the Federal Rules do not allow for service by mail, Fed. R. Civ. P. 4(e), and Mr. Atanda has not diligently attempted to serve defendants by other means, as is required by Washington law before resorting to service by mail, so sending the summons via registered mail is not proper service. Second, "personal service, and not service at the place of employment, is necessary to obtain jurisdiction over a defendant in his capacity as an individual." *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987); *see also* Fed. R. Civ. P. 4(e)(2) (service must be made to the individual personally, at their dwelling or usual place of abode, or to an authorized agent).

Because Mr. Atanda did not obtain entry of default and did not properly serve Norgren or the individual defendants, the Court must DENY his motion for default judgment.

**B. Norgren, Westby, and Thurnau's Motion to Dismiss**

Defendants Norgren, Westby, and Thurnau move to dismiss Plaintiff's claims against them under Rule 12(b)(5) because Mr. Atanda did not properly serve them. (*See* Dkt. No. 16.) Under Federal Rule of Civil Procedure Rule 4(m), a plaintiff must serve defendants "within 90 days after the complaint is filed." As discussed above, Mr. Atanda has not properly served any defendant within 90 days. If a plaintiff has not properly served a defendant in accordance with Federal Rule of Civil Procedure 4, the Court "has discretion to either dismiss the action for failure to effect proper service, or instead retain the action and quash the ineffective service that has been made on the defendant in order to provide the plaintiff with the opportunity to properly serve the defendant." *Pathak v. Omaha Steaks Int'l, Inc.*, 2011 WL 1152656, slip op. at 1 (C.D. Cal. 2011).

However, Federal Rule of Civil Procedure 4(m) "requires a district court to grant an extension of time if good cause is shown and permits the district court to grant such an extension even absent good cause." *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003). The Court believes that Plaintiff will be able to properly serve Defendants if given another opportunity to do so. Accordingly, the Court exercises its discretion and DENIES Defendants Norgren, Westby, and Thurnau's motion to dismiss and ORDERS Plaintiff to properly serve Defendants within 45 days of the date of this order. Because Plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, Plaintiff may request that the Court order that "service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3); (*see* Dkt. No. 4.)

**III. CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's motion for default judgment (Dkt. No. 12), and DENIES Defendants Norgren, Westby, and Thurnau's motion to dismiss

1    (Dkt. No. 16). The Court ORDERS Plaintiff to properly serve Defendants within 45 days of the
2    date of this order.
3      DATED this 6th day of July 2021.

*（signature）*

John C. Coughenour
UNITED STATES DISTRICT JUDGE