THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADEREMI EMMANUEL ATANDA,<br><br>  Plaintiff,<br><br>  v.<br><br>NORGREN (IMI PRECISION ENGINEERING) *et al.*,<br><br>  Defendants. | CASE NO. C20-0796-JCC<br><br>ORDER |

This matter comes before the Court on pre-service review of Plaintiff Adremi E. Atanda's complaint (Dkt. No. 5) under 28 U.S.C. § 1915(e)(2), and on Plaintiff's motion for service by the U.S. Marshal Service (Dkt. No. 23).

## I. BACKGROUND

Plaintiff, who is Black, filed this case in May 2020, alleging that Defendants failed to promote him due to his race, national origin, and age. (*See* Dkt. No. 5.) After Judge Peterson approved his proceeding *in forma pauperis*, Plaintiff made unauthorized service by mail and moved for default judgment. (Dkt. Nos. 4, 8–10, 12.) Defendants appeared and moved for dismissal based on improper service. (*See* Dkt. Nos. 11, 15–16.) On July 6, 2021, this Court denied both motions and ordered Plaintiff to properly serve Defendants within 45 days. (Dkt. No. 22.) On July 27, 2021, Plaintiff moved for the U.S. Marshals to conduct service. (Dkt. No. 23).

## II.     DISCUSSION

The Court must dismiss before service a complaint filed *in forma pauperis* if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000). A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is proper if the complaint lacks a cognizable legal theory or states insufficient facts to support one. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

*Pro se* complaints are read liberally and construed in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Still, § 1915(e) "not only permits but requires" dismissal of an *in forma pauperis* complaint that fails to state a claim. *Lopez*, 203 F.3d at 1229.

To state a *prima facie* case of discrimination under Title VII, a plaintiff must show (1) he is a member of a protected class (*e.g.*, race, gender, etc.); (2) he was qualified for the job position, (3) he was subject to an adverse employment action; and (4) other similarly situated employees outside the protected class received better treatment. *See, e.g.*, *Chuang v. Univ. of California Davis*, 224 F.3d 1115, 1123 (9th Cir. 2003). While Plaintiff's allegations are sometimes difficult to follow, his complaint and the attached documentation[1] contain sufficient allegations to state a claim, given the lenient standard governing his *pro se* pleadings.

First, Plaintiff alleges that he is African, Black, and has dark skin. (Dkt. No. 5 at 5.) Second, he alleges that he attended college and has several years of experience in various accounting related roles, which plausibly demonstrates his job qualifications. (*Id.* at 17, 21.) Third, he alleges he was not promoted, which constitutes an adverse employment action. *See, e.g.*, *Adeyuti v. City of San*

---

[1] Plaintiff signed and dated as of May 2020 an October 29, 2019 letter to the EEOC. (Dkt. No. 5 at 14, 21.) The Court interprets this as incorporating the EEOC documents into Plaintiff's complaint.

*Francisco*, 63 F. Supp. 3d 1073, 1088–89 (N.D. Cal. 2014). Finally, the following allegations satisfy the discrimination element:

- Defendants hired less experienced, younger white people for positions that Plaintiff sought (Dkt. No. 5 at 10–11);
- A superior made jokes that, while their significance is not entirely clear, plausibly suggest discriminatory animus, (*id.* at 16 –17) ("Dirty hands wash dirty hands," and, in reference to Plaintiff, "when a chicken poop[s,] the white poop is what still [sic] a chicken");
- A superior stated that certain white employees who had been promoted "fit the profile of what he wants this location to look like," (*id.* at 11);
- Defendants passed over Black employees for promotions (*id.* at 20); and
- A superior made multiple derisive comments about Plaintiff's college degree as being "from Africa," when in fact, Plaintiff attended college in Wisconsin, (*id* at 8, 11, 19).

These allegations are sufficient to withstand *sua sponte* dismissal under § 1915(e). That conclusion, however, neither precludes nor prejudges the outcome of any challenge to the complaint Defendants might assert. *See, e.g.*, *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) ("[T]he sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion the defendant may choose to bring.").

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for service (Dkt. No. 23) is GRANTED. In accordance with Federal Rule of Civil Procedure 4(c)(3), it is ORDERED that:

- The Clerk is directed to forward to the U.S. Marshal the instructions for service of process, and five copies (one for each Defendant) of the completed summons, the complaint, and this order.
- Within 30 days of receiving these materials from the Clerk, the U.S. Marshal shall serve process and a copy of this order on each Defendant. The Marshall shall then file the return of service for Defendants.

1     DATED this 11th day of August 2021.

*(signature)*

John C. Coughenour
UNITED STATES DISTRICT JUDGE