THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADEREMI EMMANUEL ATANDA,

Plaintiff,

v.

NORGREN (IMI PRECISION ENGINEERING), *et al.*,

Defendants.

CASE NO. C20-0796-JCC

ORDER

This matter comes before the Court on Defendants Sam Thurnau and Tami Westby's motion to dismiss Plaintiff Aderemi Atanda's claims for employment discrimination. (Dkt. No. 35.) Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained below.

## I. BACKGROUND

Atanda, a qualified and experienced accounting professional, joined Defendant Norgren (IMI Precision Engineering)[1] ("Norgren") as an assembly line worker in 2018. (Dkt. No. 5 at 24–25.) According to his complaint, Edna Branch, Norgren's former human resource employee,

[1] Plaintiff filed a complaint naming Norgren (IMI Precision Engineering) as Defendant. (*See* Dkt. No. 5 at 1.) However, in Norgren GT Development LLC's answer, it asserted that Atanda "has misidentified the spellings and identity of the defendants." (Dkt. No. 34 at 1 n.1.) Westby and Thurnau's motion (Dkt. No. 35) does not raise the issue and the Court elects not to address it.

urged him to accept an assembler position until vacancies opened up in Norgren's accounting department. (*Id* at 8.) However, Atanda claims that Norgren later denied him a promotion because of his race and age, Thurnau made derisive comments, and Westby denied him a promotion because she believed Atanda's college degree is "from Africa." (*Id.* at 8, 11, 15–20.) On May 22, 2020, Plaintiff proceeding *pro se* sued Norgren, Thurnau, Westby, Branch, and Tammy Lake,[2] alleging violations of the Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"). (*See id*. at 1–27.) Westby and Thurnau move to dismiss (Dkt. No. 35).

## II. DISCUSSION

### A. Legal Standard

This Court "ha[s] an obligation to give a liberal construction to the filings of *pro se* litigants." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). Accordingly, the Court will hold Plaintiff's filings, "however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted). But the Court will not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted). Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[2] According to the complaint, Defendants Lake and Branch were Norgren's human resources personnel. (Dkt. No. 5 at 8.) The U.S. Marshal Service returned the summons issued to Defendant Branch unserved, (Dkt. No. 28), and is still attempting service on Defendant Lake, (Dkt. No. 37).

**B. Title VII and ADEA Claims Against Thurnau and Westby**

Even construing Atanda's *pro se* pleadings liberally, he fails to state a cognizable legal theory against Thurnau and Westby. They argue dismissal is proper because Title VII and the ADEA do not impose liability for employment discrimination upon individual supervisors in their personal capacities. (Dkt. No. 35 at 3.) The Ninth Circuit has consistently recognized this principle. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993) (citing *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982)).

Atanda argues in response that even if he cannot sue Thurnau and Westby in their individual capacities, he can sue them in their official capacities because they are Norgren's agents. (Dkt. Nos. 39, 40.) But this action does not involve any government employees. (*See generally* Dkt. No. 5.) In suits involving public officials, the distinction between individual and official capacity is material because public officials may be entitled to qualified or full immunity. *See Okembo v. Wash. State Dep't of Ecology*, 2013 WL 633132, slip op. at 1 (E.D. Wash. 2013) (noting that official capacity claims are sometimes necessary "to foreclose an assertion of Eleventh Amendment immunity on behalf of the government entity") (citing *Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 (9th Cir. 2002)). But outside of suits involving public officials, this distinction has no meaning in this Circuit. *See Taylor v. ScottPolar Corp.*, 995 F. Supp. 1072, 1079 (D. Ariz. 1998) (a private "employer alone is liable for any violation of Title VII; thus, claims against the individuals in their official capacity merge into claims against the employer"); *Nouchet v. Mandalay Corp.*, 2017 WL 985648, slip op. at 2–3 (D. Nev. 2017) (noting that courts "have declined to extend official capacity suits to cases involving private employers," and that, in any event, claims against private sector supervisors in their official capacities can be dismissed as duplicative because they are the functional equivalent of claims against the actual employer).

Only an "employer" can be liable under Title VII and ADEA. *See Miller*, 991 F.2d at 587. Accordingly, the official capacity claims against Thurnau and Westby are duplicative of

Atanda's claims against Norgren, and because Thurnau and Westby are not "employers" under Title VII or ADEA, Atanda fails to state a claim for relief against them.

**C. Mr. Atanda's Untimely Surreply.**

Thurnau and Wesbty filed their motion to dismiss on November 9, 2021, noted for December 3, 2021. (Dkt. No. 35.) After the deadline for their reply brief, Atanda belatedly filed opposition papers, (Dkt. Nos. 38–39), which the Court accommodated by re-noting Thurnau and Westby's motion to give them a chance to reply, (Dkt. No. 41.) More than a week after the new noting date, Atanda filed a document styled, "motion to dismiss Defendants Westby and Thurnau's reply" in support of their motion to dismiss. (Dkt. No. 43.) In addition to being his second untimely filing, this document meets none of the procedural requirements for a surreply. *See* LCR 7(g) (a notice of intent to file a surreply must precede a surreply, which must focus on a request to strike materials in the opponent's reply and be limited to three pages)

**III. CONCLUSION**

For the foregoing reasons, Thurnau and Westby's motion to dismiss is GRANTED. Atanda's Title VII and ADEA claims against them are hereby DISMISSED with prejudice. The Court also STRIKES Attanda's untimely and improper surreply. (Dkt. No. 43.)

DATED this 27th day of January 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE