THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADEREMI EMMANUEL ATANDA,<br><br>    Plaintiff,<br><br>    v.<br><br>NORGREN GT DEVELOPMENT LLC *a/k/a* IMI PRECISION ENGINEERING,<br><br>    Defendant. | CASE NO. C20-0796-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for summary judgment (Dkt. No. 71). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.  BACKGROUND[1]

Plaintiff worked at various accounting related jobs from the late 1980's through the 1990's. (Dkt. No. 71-1 at 2–15.) Plaintiff was incarcerated from 2003 to 2005 for a forgery felony committed during his time as comptroller of a hospital. (*Id.* at 33–34.) Plaintiff then moved to Seattle, where he performed various jobs, including helping people with their taxes and

---

[1] The facts in this case were mostly established by evidence put forth by Defendant, and were undisputed by Plaintiff, except as otherwise noted.

1  working as a machine operator. (*Id.* at 18–20, 45–47; Dkt. No. 71-5.) During that time, he
2  applied to various accounting jobs without success. (Dkt. No. 71-1 at 21–22.)

3  Defendant hired Plaintiff as a temporary assembly line worker in February 2018. (Dkt.
4  No. 71-1 at 37–38.) It then offered Plaintiff a full-time position in May 2018, which he accepted.
5  (*Id.* at 42, Dkt. No. 71-4.) Before that, Plaintiff had expressed interest in an accounting job, but
6  Defendant had no openings in the accounting department. (Dkt. No. 71-1 at 5–15, 38–41.)

7  In September 2018, Plaintiff applied for a Cost Accountant position with Defendant.
8  (Dkt. No. 71-8.) Plaintiff received an interview, along with four other candidates, but was not
9  hired for the position. (Dkt. Nos. 71-2 at 2–3, 71-6 at 2–3.) According to his interviewers, he
10 lacked recent, relevant work experience. (*Id.*) In March 2019, Plaintiff applied for an Accounts
11 Receivable II position with Defendant. (Dkt. No. 71-11.) He also did not receive this position.
12 (Dkt. Nos. 71-2 at 3–4, 71-6 at 3.) In 2019, Plaintiff expressed interest in a newly posted job as a
13 Production Unit Leader, but he did not apply for the role. (Dkt. No. 71-1 at 65, 66.) Plaintiff also
14 alleges he applied for an Accounts Payable Coordinator position. (*Id.* at 54–57.) Defendant hired
15 a different applicant for the role. (Dkt. Nos. 71-2 at 2, 71-6 at 1–2.)

16 After being passed over for these various accounting-related jobs, Plaintiff filed suit,
17 alleging discrimination under Title VII and the Age Discrimination in Employment Act
18 ("ADEA") for failure to hire him based on his race, national origin, color, or age. (Dkt. No. 5.)
19 He alleges Defendant's hiring manager made derisive comments about him and commented on
20 the fact his college degree is "from Africa." (Dkt. No. 73 at 6.) He also alleges Defendant hired
21 "less experience[d], younger white people for positions that [he] sought." (Dkt. No. 73 at 7.)
22 Defendant moves for summary judgment on all claims. (Dkt. No. 71.)

23 **II.     DISCUSSION**
24      **A.     Summary Judgment Standard**
25 "The court shall grant summary judgment if the movant shows that there is no genuine
26 dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis in original) (quoting Fed. R. Civ. P. 56(e)). A genuine issue cannot be found if the only evidence presented is "uncorroborated and self-serving testimony." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (citations omitted).

### B.  Employment Discrimination

Absent direct evidence of discrimination, claims under both Title VII and the ADEA are governed by the three-step burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). First, a plaintiff must establish a *prima facie* case of wrongful discrimination.[2] *McDonnell Douglas*, 411 U.S. at 802. Next, if the employee does so, then the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its conduct. *Vazquez v. Cnty. of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003). And finally, if the employer puts forth a legitimate reason, then the burden shifts back to the employee to show that this reason is "mere pretext" for the unlawful discrimination. *See McDonnell Douglas*, 411 U.S. at 802–04.

---

[2] To establish a *prima facie* case of discrimination under Title VII, the plaintiff must show that (1) he belongs to a protected class; (2) he applied for and was qualified for the position he was denied; (3) he was rejected despite his qualifications; and (4) that the employer filled the position with an employee not of plaintiff's class, or continued to consider other applicants whose qualifications were comparable to plaintiff's after rejecting plaintiff. *Id.* at 804; *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). Similarly, to establish a *prima facie* case of discrimination under the ADEA, the plaintiff must show that (1) he was in the protected class of individuals between forty and seventy; (2) that he applied for a position for which he was qualified; (3) and that a younger person with similar qualifications received the position. *Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir. 1987).

C. **Cost Accountant Position**

Defendant first argues Plaintiff fails to establish a *prima facie* case of wrongful discrimination when it did not hire him for the Cost Accountant position. (Dkt. No. 71 at 12–13.) Defendant points to the job description, which states the job requires a "Bachelor's Degree in Accounting or related field" and "4+ years in Cost Accounting manufacturing environment is required." (*Id.* (citing Dkt. No. 71-7 at 2).) Defendant presents evidence of Plaintiff's work history, which includes roughly four to five months of cost accounting work in a manufacturing environment. (*Id.* (citing Dkt. No. 71-1 at 5–15).) Defendant also notes that Plaintiff's degree is not in accounting. (*Id.*) Plaintiff counters that a Human Resource Director told him he was "fully qualified," and points to various positions he worked in that gave him the skills to competently perform the Cost Accountant position. (Dkt. No. 73 at 11–12.) Notably, Plaintiff was selected as one of five candidates for an interview for the role.[3] (Dkt. No. 71-6 at 3.) Accordingly, there is a question of fact on this issue.

Defendant argues that even if Plaintiff establishes a *prima facie* case, it meets its burden to show a legitimate, non-discriminatory reason for offering the job to another candidate. (Dkt. No. 71 at 13.) The candidate Defendant eventually hired for the position has a Masters in Business Administration and worked for three years prior as a Financial Analyst for Defendant. (*See* Dkt. No. 71-9.) Prior to that role, he worked for two and a half years as a financial analyst for another company. (*Id.*) Defendant also notes that the individuals who interviewed Plaintiff concluded Plaintiff to be not well-qualified because he lacked recent, relevant work experience and had lengthy gaps between accounting-related jobs in his work history. (Dkt. No. 71-2 at 2.) Based on these facts, Defendant concluded the candidate it ultimately hired to be the most qualified. (Dkt. No. 71-2 at 3.) This, indeed, is a legitimate, non-discriminatory reason for hiring another candidate.

---

[3] According to one of the hiring managers, Plaintiff was offered an interview because he represented that he had an extensive accounting background. (Dkt. No. 71-2 at 3.)

Therefore, the burden shifts back to Plaintiff to show that Defendant's reason is "mere pretext." *McDonnell Douglas*, 411 U.S. at 802–04. And Plaintiff points the Court to no evidence on this issue. (*See generally* Dkt. No. 73.) While he argues that he has significantly more experience than the candidate who received the position, he provides no corroborating evidence to support this contention. (*Id.*)

The Court GRANTS summary judgment to Defendant on Plaintiff's claim relating to the Cost Accountant position.

### D. Accounts Receivable II Position

Defendant next argues Plaintiff fails to establish a *prima facie* case of wrongful discrimination for the Accounts Receivable II position, which he applied to in April 2019, in that he fails to provide evidence suggesting he was qualified for the position. (*See* Dkt. No. 71 at 14.) The job posting required "3-5 years related experience and/or training." (Dkt. No. 71-10 at 2.) But according to his application for the position, Plaintiff only had eight months of relevant work history. (Dkt. No. 71-11 at 2.) The other work he lists on his resume is as a "Machine Operator" for a candy company and "Customer Service" for a tool and machine shop. (*Id.*) Plaintiff alleges he was told by Defendant's Human Resources Director that, nevertheless, he should apply for the job. (Dkt. No. 73 at 14–15.) But he presents no evidence to challenge Defendant's assertion that he was not qualified for the job.

The Court GRANTS summary judgement to Defendant on Plaintiff's claim relating to the Accounts Receivable II position.[4]

### E. Production Unit Leader and Accounts Payable Coordinator Positions

Defendant also argues Plaintiff fails to establish a *prima facie* of wrongful discrimination

---

[4] Even if Plaintiff were to make a *prima facie* case, Defendant presents a legitimate, non-discriminatory reason for the candidate it hired. (Dkt. No. 71 at 14–15.) Specifically, she had previously worked with Defendant for three years, performing many tasks directly related to the Accounts Receivable role. (Dkt. No. 71-12.) She also had over nine years of recent accounting experience prior to working for Defendant. (*Id.*) Whereas Plaintiff fails to put forth any evidence that Defendant's reason for hiring this candidate was mere pretext. (*See generally* Dkt. No. 73.)

for the Production Unit Leader or Accounts Payable Coordinator roles because he never applied for them. (Dkt. No. 71 at 15.) Defendant has no record of having received any application from Plaintiff for either role. (Dkt. Nos. 71-2 at 1, 71-6 at 1.) Regarding the Production Unit Leader role, Plaintiff states he had conversations with various individuals about the open role. (Dkt. No. 73 at 15–17.) But he fails to present any evidence, other than self-serving testimony, that he ever applied for the job. (*See generally id.*) Regarding the Accounts Payable Coordinator position, Plaintiff argues he has more experience than the candidate who was eventually hired for the role. (*Id.* at 17–18.) But he presents no evidence that he applied for the job. (*See generally id.*)

The Court GRANTS summary judgment to Defendant on Plaintiff's claims relating to the Production Unit Leader and Accounts Payable Coordinator positions.

### III.     CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. No. 71) is GRANTED.

DATED this 26th day of April 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE